UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                                 DECISION AND ORDER

                                                                 03-CR-6095L

           v.

ROBERT W. MC CULLOUGH,

                        Defendant.
_____

        Defendant, Robert W. McCullough ("McCullough"), has filed a motion, *pro se,* seeking relief under what he styles as the All Writs Act, 28 U.S.C. § 1651, for relief from the Judgment of Conviction entered in this case. The relief sought is denied and the petition is hereby dismissed.

        McCullough, represented by appointed counsel, waived indictment and pleaded guilty to a two count information charging a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine base) and, in Count 2, a violation of 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime. The plea was entered on June 10, 2003 pursuant to a detailed written plea agreement. In the plea agreement, McCullough admitted the facts constituting the offense and agreed to a total sentence of 106 months incarceration, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure.

After reviewing the presentence report, the Court accepted the Rule 11(c)(1)(C) plea and sentenced McCullough to the bargain for sentence. The plea agreement also contained a provision by which McCullough waived his rights to appeal or collaterally attack the sentence and judgment as long as the sentence was 106 months or less. Judgment was entered on September 23, 2003 and no appeal was filed and no proceeding brought concerning the matter until McCullough filed the instant petition, almost two years after imposition of sentence and entry of judgment. In the petition, McCullough cites several cases that have no bearing on this case whatsoever. Furthermore, there is nothing of substance in the one and one-half page petition that warrants relief or any change or modification to the Judgment of Conviction entered September 23, 2003. In addition to the fact that McCullogh waived any right to appeal or collaterally attack the judgment, there is nothing whatsoever in the petition that warrants relief.

CONCLUSION

The petition filed September 7, 2005 pursuant to 28 U.S.C. § 1651 is denied and hereby dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 26, 2005.